IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tyron Morton, | Case No. 8:11-cv-01696-MBS-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |
| v. | |
| Officer NFN Avery; Sergeant NFN Davis, | |
| Defendants. | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 27.] Plaintiff, proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on July 6, 2011,[1] alleging claims of religious discrimination and violations of the First Amendment. [Doc. 1.] Defendants filed a motion for summary judgment on November 16, 2011. [Doc. 27.] On November 17, 2011, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment procedure and of the possible consequences if he failed to adequately respond to Defendants' motion. [Doc. 28.] Receiving no response from Plaintiff, the Court issued an Order on January 3, 2012, allowing Plaintiff through January

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Plaintiff, this action was filed on July 6, 2011. [Doc. 1 (Complaint signed by Plaintiff on July 6, 2011); Doc. 1-1 (envelope postmarked July 12, 2011).]

23, 2012 to respond to Defendants' motion and advising Plaintiff that, if he failed to respond, his case would be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  [Doc. 32.]

On January 9, 2012, Plaintiff filed a motion to amend/correct his Complaint.  [Doc. 37.]  The Court denied Plaintiff's motion to amend, as well as a subsequent motion to reconsider, because Defendants had filed a dispositive motion and Plaintiff's motion was thus untimely.  [Docs. 38, 41.]  On January 17, 2012 and February 1, 2012, Plaintiff filed responses in opposition to Defendants' motion for summary judgment.  [Docs. 44, 48.]  Accordingly, Defendants' motion is now ripe for review.

## **BACKGROUND**

At all times relative to this action, Plaintiff was a federal inmate housed at the Lexington County Detention Center ("LCDC").  [Doc. 1; Doc. 27-1.]  Plaintiff alleges that, on May 16, 2011, Defendant Officer NFN Avery ("Avery") told Plaintiff he could not pray because he was not Christian.  [Doc. 1 at 3.]  Plaintiff alleges he talked to Defendant Sergeant NFN Davis ("Davis"), who said that whatever Avery said goes.  [*Id.*]  Plaintiff also alleges he attempted to talk to both Avery and Davis about documentation that outlined where he could pray.  [*Id.*]

Plaintiff further alleges that, on June 1, 2011, Avery denied Plaintiff access to the area designated for his prayer and told the dorm that prayer would only be allowed inside inmates' rooms.  [*Id.*]  Plaintiff alleges Avery added that Muslims would not be treated any differently, and Plaintiff feels he was being singled out because he is the only inmate in the dorm that practiced the Islamic faith.  [*Id.*]  Plaintiff claims he was persecuted and

2

discriminated against for his religion. [*Id.*] Plaintiff seeks $5,000 from Defendants for discrimination against religion and violations of the First Amendment. [*Id.* at 4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any

3

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is

4

responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this

5

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendants contend they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. [Doc. 27-1 at 9–10.] Upon review, the Court agrees.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the United States Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

7

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). *But see Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[] with the good and leave[] the bad"). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes all steps of a prison's grievance procedure, and § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g.*, *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006).

Exhaustion is an affirmative defense; an inmate is not required to plead exhaustion in his complaint. *Jones*, 549 U.S. at 211–12; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). However, to survive a motion for summary judgment asserting he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion) (holding that "to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial" (citing Fed. R. Civ. P.

56(e)(2))); *see also Celotex*, 477 U.S. at 323–24 (stating that once the party seeking summary judgment demonstrates there is no genuine issue of material fact, the non-moving party, to survive the motion for summary judgment, must demonstrate specific, material facts exist that give rise to a genuine issue). While prison wardens must ensure that assistance is available for inmates who are illiterate, an illiterate inmate must have asked for and been refused assistance in pursuing his administrative remedies before his illiteracy may excuse his failure to exhaust. *Billups v. Ozmint*, 2010 WL 4386949, at *3 (D.S.C. Sept. 30, 2010) (quoting 28 C.F.R. § 542.16(b)) (citing *Ramos v. Smith*, 187 F. App'x 152, 154 (3d Cir. 2006)), *report and recommendation adopted by* 2010 WL 4386948 (D.S.C. Oct. 29, 2010).

With respect to this case, the record reflects LCDC has a grievance procedure, but Plaintiff's LCDC inmate file does not indicate that Plaintiff filed a grievance addressing the issues raised in this case. [Doc. 27-2 ¶ 8.] Although Plaintiff asserts in his Complaint that he "filed federal grievance 6-1, 2011 about Ms Avery denied me access to pray" [Doc. 1 at 3], he has failed to substantiate his claim—Plaintiff has not filed a copy of any grievance he submitted at LCDC or otherwise supported his claim that he submitted a grievance at LCDC. Further, Plaintiff submitted two responses to Defendants' motion for summary judgment but failed to address Defendants' argument that they were entitled to summary judgment based on Plaintiff's failure to exhaust his issues through the LCDC grievance procedure. [*See* Docs. 44, 48.] Consequently, the Court concludes Plaintiff has failed to demonstrate a genuine issue of material fact remains with respect to exhaustion of his

claims, and Defendants' motion for summary judgment should be granted based on Plaintiff's failure to exhaust.[2]

## **RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

June 11, 2012  
Greenville, South Carolina

---

[2] As previously stated, the Court denied Plaintiff's motion to amend his Complaint because the motion was untimely. [Docs. 38, 41.] However, even if Plaintiff had timely filed the motion—which sought to add a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") [Doc. 37]—the amendment would be futile in light of Plaintiff's failure to exhaust, *see* 42 U.S.C. § 1997e(a) (stating "no action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted" (emphasis added)).