IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyron Morton, | ) |
|                     Plaintiff, | ) C/A No. 8:11-1696-MBS |
| vs. | ) **OPINION AND ORDER** |
| Officer NFN Avery; Sgt. NFN Davis, | ) |
|                     Defendants. | ) |

At the time of the underlying events, Plaintiff Tyron Morton was a pretrial detainee housed at the Lexington County Detention Center (LCDC) in Lexington, South Carolina. Defendants Avery and Davis are correctional officers at LCDC. Plaintiff, proceeding pro se, filed a complaint on July 15, 2011, alleging that Defendants discriminated against him and prohibited him from engaging in religious practices. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for a Report and Recommendation.

On November 16, 2011, Defendants filed a motion for summary judgment. Defendants assert, among other things, that Plaintiff has not exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a) and Porter v. Nussle, 534 U.S. 516 (2002). In support of their motion, Defendants submit the affidavit of Captain Kevin Jones, Jail Administrator of LCDC. According to Jones, Plaintiff did not file a grievance that specifically addressed his allegations of being denied the ability to pray. Aff. of Kevin Jones, ECF No. 27-2, ¶ 8. Jones further avers that,

since Plaintiff did not file such a grievance, he did not exhaust the appeal process in place at LCDC.[1] Id.

By order filed November 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed responses in opposition to Defendant's motion on January 17, 2012 and February 1, 2012. On June 11, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted on the ground that Plaintiff had failed to exhaust his administrative remedies. Plaintiff filed objections to the Report and Recommendation on July 23, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

Plaintiff contends in his objections that he filed "countless grievance[s] to Sgt. Davis." ECF No. 64. Even assuming for purposes of summary judgment that, contrary to Jones' affidavit, Plaintiff filed grievances, there is no evidence that Plaintiff appealed any response to his grievance

---

[1] The court takes judicial notice that, according to Jones, the administrative procedure includes a response issued to the grievance by an officer or an officer's immediate supervisor, and then an appeal up the chain of command, with final responses being issued by the Jail Administrator. See Jones v. Clawson, 0:11-1533-RBH-PJG, Affidavit of Major Kevin Jones, ECF No. 55-2, ¶¶ 20-22.

2

to the Jail Administrator. The court concludes that Plaintiff has not exhausted his administrative remedies. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (ECF No. 27) is **granted** on this basis.

    **IT IS SO ORDERED**.

                                                       /s/ Margaret B. Seymour
                                                       Chief United States District Judge

Columbia, South Carolina

August 21, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**